### THE HARRISBURG.

### THE FLORA B. v. THE HARRISBURG.

(District Court, E. D. Pennsylvania. February 4, 1896.)

COLLISION ON RIVER—SLOOP WITH STEAMER—FAILURE TO RUN OUT TACK.
A sloop which failed to run out her tack, but went about near mid-channel, without making a careful observation of the river to see if she could safely do so, *held* solely in fault for collision with a steamer whose bows she then attempted to cross; it appearing that the steamer promptly reversed, which was the only thing she could do after the sloop's intention became apparent. The alleged presence of certain mud scows in the path of the sloop *held* no excuse for not running out her tack, it appearing that she might easily have avoided them.

This was a libel in rem against the steamer Harrisburg to recover damages suffered by the sloop Flora B. in consequence of a collision with the steamer.

S. Morris Waln, for the Flora B.
John G. Lamb, for the Harrisburg.

BUTLER, District Judge. The testimony is conflicting and irreconcilable. A careful examination of it, however, has satisfied me that the sloop was in fault. Without running out her eastward tack she came about westward, not very far from mid channel, without having ascertained whether it was safe to do so. There was no proper excuse for her failure to continue eastward. She could have readily gone around the mud scows alleged to have been in her way, even if they were where she locates them. I doubt whether they were there; the disinterested witnesses who were on the wharf, saw the sloop turn, and realized the danger involved, did not see the scows. But I do not regard the question whether they were there as important; if they were, there was no difficulty in getting by them. Before turning where she did it was her duty to take a careful ob-

servation of the river below and westward; which I am satisfied she did not. Coming about under the circumstances, and then attempting to cross the steamer's bows, was careless if not reckless. She evidently proceeded with the notion, which is not uncommon in such vessels, that the steamer was bound to "keep off" under all circumstances. After turning and seeing the steamer she should have changed her course immediately instead of attempting to cross her bows. She could readily have done so and passed astern lower down. I believe her lookout was negligent, but think she saw the steamer after turning, in time to avoid difficulty, but kept her course thinking the steamer could by some maneuver get out of her way, and was bound to do so.

Was the steamer also in fault? Having found the sloop guilty of fault that led directly to the collision, the steamer should not be condemned without clear proof that she was also similarly guilty. As the sloop ran eastward the steamer turned westward, to go under her stern, which was proper; and if the sloop had continued her course the accident could not have happened. When it became evident that the sloop intended to cross her bows, having turned westward, it was too late to avoid the collision by an attempt to turn the steamer eastward. I have no doubt of this; nor have I any doubt that the sloop's intention to cross her bows was discovered as soon as possible. Under the circumstances the only thing the steamer could properly do was to reverse her engines, and thus endeavor to diminish the impending blow. This I think she did. Her witnesses testify positively that she did. The fact that she forced the sloop some distance up stream does not contradict them;- they are mistaken in supposing she had about stopped when the collision occurred. To stop such a vessel, even with the engines reversed, requires a greater distance than she had to run to meet the sloop.

A decree may be prepared for dismissal of the libel with costs.